ACCEPTED
06-15-00135-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
10/2/2015 1:45:42 PM
DEBBIE AUTREY
CLERK

No. 06-15-00135-CR

| | | |
|---|---|---|
| RASHARD RAMON MEDLOCK, | § | IN THE COURT |
| Appellant | § | OF APPEALS |
| | § | OF THE SIXTH |
| VS. | § | SUPREME JUDICIAL |
| | § | DISTRICT |
| THE STATE OF TEXAS | § | |

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
10/2/2015 1:45:42 PM
DEBBIE AUTREY
Clerk

## APPELLANT'S MOTION TO REINSTATE APPEAL

NOW COMES RASHARD RAMON MEDLOCK, Appellant, by and through undersigned counsel, pursuant to Rule 25.2 of the Texas Rules of Appellate Procedure request this Court to continue jurisdiction over Appellant's appeal. In support of this motion, Appellant would show as follows:

Appellant was charged with the misdemeanor offense of Harassment on October 7, 2013. Appellant entered a plea of not guilty and the trial on the merits commenced on July 14, 2015. A jury found Appellant guilty and the Court sentenced Appellant to 180 days in jail and a $2,000 fine to be probated for 18 months and pay $200 of the fine. Appellant informed counsel that he wanted to appeal his conviction. Notice of Appeal was filed in the 10th Court of Appeals on July 23, 2015. The case was then transferred to the 6th Court of Appeals on August 6, 2015. Thereafter, Appellant became concerned that he would incur additional cost if he appealed his case. Appellant advised this attorney that he wanted to waive his appeal. Appellant signed a Waiver of Appeal and Trial Court Certification on August 21, 2015. These

documents were then presented to the Court for signatures. After filing the documents this attorney filed Appellant's Motion to Dismiss Appeal on August 24, 2015. This Honorable Court overruled Appellant's Motion to Dismiss Appeal because it did not comply with TRAP 42.2(a). This attorney attempted to correct the defect by having Appellant sign the Motion to Dismiss, however, Appellant refused to sign. Appellant also requested that his counsel withdraw as attorney of record because he was going to represent himself in the appeal. This attorney then filed a Motion to Withdraw as Attorney of Record. A hearing was conducted on September 16, 2015. Appellant asserted to the court that he wanted to represent himself pro se in the Appeal. The court denied this attorney's request to withdraw but informed Appellant he could file his own Appeal. (This hearing is attached as Exhibit A).

Appellant asserts the trial court's certification incorrectly indicates that there is no right of appeal or that the right of appeal has been waived. It is clear from the motions and hearing it is Appellant's wish to file an appeal. Therefore, Appellant request that this Honorable Court request the clerk to notify the parties of the defect so that it can be remedied by a proper notice of appeal or certification of a criminal defendant's right of appeal pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure.

Respectfully submitted,

Phil Martinez

1105 Wooded Acres, Suite 200
Wells Fargo Bank Plaza
Waco, Texas 76710
Telephone: (254) 776-9700
Fax: (254) 741-1894
Email: martinezlaw_phil@yahoo.com

BY: _____
Phil Martinez
State Bar No. 13141858

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2015, a true and correct copy of the above and foregoing Appellant's Motion to Reinstate Appeal was this date hand-delivered to the office of Gabe Price, Assistant District Attorney, McLennan County, 219 North 6th Street, Waco, Texas 76701.

_____
Phil Martinez

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUME
CAUSE NO. 2013-4066-CR2

THE STATE OF TEXAS          *          IN THE COUNTY COURT

                           *

VS.                        *          AT LAW NO. 2

                           *

RASHARD MEDLOCK            *          McLENNAN COUNTY, TEXAS

*************************************************************

HEARING ON MOTION TO WITHDRAW

*************************************************************

On the 16th day of September, 2015, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Thomas Bradley Cates, presiding Judge of the 19th Judicial District Court, held in Waco, McLennan County, Texas:

Proceedings reported by machine shorthand method.

A P P E A R A N C E S

Ms. Phil Martinez
Attorney at Law
SBOT: 13141858
1105 Wooded Acres Drive
Suite 200
Waco, Texas 76701
Tel: (254)776-9700 direct

FOR THE DEFENDANT


Ms. Christi Hunting Horse
Assistant District Attorney
SBOT: 24025313
219 North 6th Street
Suite 200
Waco, Texas 76701
Tel: (254)767-5084 direct

FOR THE STATE OF TEXAS

# CHRONOLOGICAL INDEX

September 16th, 2015                              Page   Vol

Proceedings...................................    4      1

Proceedings adjourned.........................   12      1

Reporter's Certificate........................   13      1

Disclosure....................................   14      1

P R O C E E D I N G S:

(September 16, 2015; 10:00 a.m.)

(All parties present.)

THE COURT: All right. Have a seat, please.

We are on the record in Cause Number 2013-4066-CR2: State of Texas versus Rashard Medlock.

And we are here at your request, Mr. Martinez, you may proceed.

MR. MARTINEZ: Yes, Your Honor, thank you. I'll give you, by way, a brief summary of what's transpired over the last month or so.

Mr. Rashard was found guilty by a jury in McLennan County Courthouse at Law No. 2 some time, I believe, in July of 2015. At that the point in time, Mr. Medlock had 30 days to file an application to give notice of an appeal. I, then, sent all the documents to the court of appeals which was transferred, I believe, to the Sixth Court of Appeals.

Thereafter, Mr. Medlock came into the office at my request and we discussed the appeal process and being on probation. At that point in time, some time -- August 21, Mr. Medlock at that time elected to waive his right to appeal and signed another document indicating that he did not wish to go any further with the case.

I presented those motions to the court and

the court signed off on that. I then filed an appellant's motion to dismiss appeal attaching the documents to the motion but according to Rule 42.2(a), despite the fact that I had the motions signed by him, they wanted the actual appellant's motion to dismiss signed as well. So they overruled that motion.

I asked Mr. Medlock to come back into the office so that we could sign an appellant's motion to dismiss on the actual document that I would file in addition to the other documents. At that point in time Mr. Medlock indicated to me that he wanted to represent himself and wanted to continue with the appeal and not sign the appellant's motion.

I then received a letter from the Sixth Court of Appeals, an e-mail letter, this past Monday which would be the 14th I believe. In it, it stated that the Court's record has not been filed yet and it was due I believe Monday was the due date. And I responded back indicating that we were having a hearing to determine what process we should go and depending on that process, I may ask for a continuance to determine where we're at on the appeal so that our court reporter is not behind on the dates that they're requesting at this point.

I talked to Mr. Medlock outside. He still wishes to go forward. He said he could figure it out on

his own. I -- you know, I don't know how that is going to resolve and I certainly don't want anything coming back on me since I am the attorney of record at that point in time but this is where we're at, Judge. And I'm asking the Court, and maybe I can get off of it if the Court allows me to withdraw. If he doesn't want me to continue representing himself but we are getting into some deadline issues here with the Sixth Court of Appeals.

THE COURT: What is the -- were you standby counsel or actually trial counsel at the jury trial.

MR. MARTINEZ: I was trial counsel, Your Honor.

THE COURT: What is your opinion on the situations where if in this case it were an Ander's Brief situation about the Defendant being able to file his own brief with the appellate court in addition to any briefing that you would produce? Is that a common occurrence?

MR. MARTINEZ: Your Honor, I don't know if that is a common occurrence. I do know in my history of being a criminal attorney that there have been some issues where the appellate files his own brief in addition to what the attorney believes is the appropriate route to take. I mean, that has occurred.

THE COURT: Okay. I just never -- I've never been faced with a situation where I've done an

Ander's Brief and had issue taken with things that I did not include in the Ander's Brief, but I could see how that would be a possibility.

So what you're presenting to me today is a request to be allowed to withdraw as court-appointed counsel for purposes of the appeal, is that correct?

MR. MARTINEZ: Mr. Medlock, you're asking me to grant that request?

THE DEFENDANT: Um, yes.

THE COURT: What is your level of education, sir?

THE DEFENDANT: I graduated from high school and some college.

THE COURT: How much college?

THE DEFENDANT: I went to, um, junior college?

THE COURT: Where?

THE DEFENDANT: MCC and TSTC.

THE COURT: What did you study?

THE DEFENDANT: I was studying to be an elementary teacher and then I switched to business.

THE COURT: Did you have any studies in the criminal law area?

THE DEFENDANT: Criminal law?

THE COURT: Criminal justice, law of any

kind?

THE DEFENDANT: I took some classes that involved that at TSTC but not a lot.

THE COURT: Do you know what court your case is pending right now on appeal?

THE DEFENDANT: Yes.

THE COURT: Which court is it?

THE DEFENDANT: I believe it's the Sixth Court.

THE COURT: The Sixth Court? Is that correct?

THE DEFENDANT: (No response.)

THE COURT: I'm asking you.

THE DEFENDANT: Yes, I believe it's the Sixth Court.

THE COURT: Where is that court located?

THE DEFENDANT: I believe Waco.

THE COURT: If the Sixth Court of Appeals denies your appeal and affirms the case against you in trial court, where could you then appeal from their decision? To what court?

THE DEFENDANT: I believe I read about maybe the supreme court.

THE COURT: The Supreme Court of...

THE DEFENDANT: Justice.

THE COURT: Of Texas? Of the United States?

THE DEFENDANT: Of Justice.

THE COURT: The Supreme Court of Justice?

THE DEFENDANT: Yes.

THE COURT: I think it would be advisable to certainly let Mr. Medlock know, Mr. Martinez, after you've done a little looking into it, what his rights are to submit a brief on his own to the court of appeals. I do not believe he's competent, and I'm not talking about competent to stand trial to assist you. I don't believe he has the legal competence to prosecute an appeal on his own.

I've already appointed counsel so I'm not inclined to grant the motion to withdraw counsel. So you'll need to proceed on the case as his attorney of record on appeal.

Mr. Medlock, if the rules of appellate procedure allow you to submit your own briefs to the court of appeals, then certainly that's something you can do but I'm not telling you one way or the other. That's up to them. All right? But Mr. Martinez will continue to represent you on this case as court-appointed counsel. Okay. Anything else?

MR. MARTINEZ: No, that's all I have, Your Honor.

THE COURT: Okay. Then that's motion's denied and we're adjourned.

MR. MARTINEZ: Okay. Thank you, Judge. Your Honor, as part of this record proceeding, for purposes of the Sixth Court of Appeals, can I get a copy of our proceeding. I mean, I don't want them to think that I'm abusing their time and everything.

THE COURT: This will be made a part of the court's record and included in the record that goes to the court of appeals.

And, Kathy, you'll need to make sure you get started on that post haste.

THE REPORTER: Yes, sir.

THE COURT: And you'll need to request an extension for time on the record.

MR. MARTINEZ: Yes, sir. I certainly will.

THE COURT: But if you feel that a record of today's proceedings will expedite the extension -- is that what you're talking about?

MR. MARTINEZ: That's what I'm talking about.

THE COURT: Well, let's get that record certified for today's hearing first, then you can go back and get the trial record done.

MR. MARTINEZ: Thank you, Your Honor.

THE COURT: As soon as you have that done, if you'll let Phil know that he can come pick it up.

THE REPORTER: Yes, sir.

THE COURT: And, of course, we'll need to transmit it through the clerk -- to the court of appeals as we normally would.

THE REPORTER: You may need to check with the clerk's office and ask them how they would like to do that because you're a more recent record before we send the trial record.

Maybe you should check on that and just get with Kathy.

MR. MARTINEZ: Yes, sir.

THE COURT: Maybe it would just be better if you would have that certified and submitted with your motion for an extension.

MR. MARTINEZ: That's what I was hoping to do, Judge.

THE COURT: Okay. I mean, it's fine doing it that way but it still would be a part of the official record. So it will be a part of the final record that you send up to the court. Okay.

MR. MARTINEZ: Thank you, Judge.

THE COURT: We're adjourned.

(Proceedings adjourned; 10:12 a.m.)

THE STATE OF TEXAS        )

COUNTY OF McLENNAN        )

I, Kathy Victoria McDaniel, Official Court Reporter for County Court at Law No. 2, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by and for the parties to be included in this volume of the Reporter's Record, in the above-styled case, all of which occurred in the following hearing and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

WITNESS MY OFFICIAL HAND this <u>2nd day of October,</u> <u>2015</u>.

/S/Kathy Victoria McDaniel
KATHY MCDANIEL, TEXAS CSR 6976
Expiration Date: 12/31/15
Waco, Texas 76701
(254)757-5038 tel
kmcdaniel336@gmail.com

DISCLOSURE

I, Kathy Victoria McDaniel, certify that I am neither counsel for, related to, nor employed by any of the parties or attorneys in the action in which this hearing was taken, and further that I am not financially or otherwise interested in the outcome of the action.

I further certify that the transcription fee of $70.00, was/**will be** paid by Mr. Phil Martinez.

/S/Kathy Victoria McDaniel
Kathy McDaniel, CSR #6976
Expiration Date: 12/31/15
Official Court Reporter
County Court at Law No. 2
Waco, Texas 76040
(254)757-5038